# DEALY & SILBERSTEIN, LLP
ATTORNEYS AT LAW
225 Broadway, Suite 1405
New York, New York 10007-3001
Telephone No. (212) 385-0066 * Telefax: (212) 385-2117

August 20, 2012

The Honorable John Gleeson
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Bricklayers Insurance And Welfare Fund, et al. v. Kenneth LaSala et al.**
**E.D.N.Y. Case No.: 12-CV-2314**

Dear Judge Gleeson:

This firm represents Kenneth LaSala, Mark LaSala, Kennth LaSala, Jr. (collectively, the "LaSalas") and Town Holding Corp. ("Town Holding"), Defendants in the referenced action. The LaSalas and Town Holding are collectively referred to herein as the "Town Defendants". Pursuant to Your Honor's published rules, the Town Defendants respectfully request that the Court schedule a pre-motion conference in advance of the Town Defendants' motion to dismiss the Amended Complaint in this matter.

This action involves claims by employee benefit funds and their trustees (the "Benefit Funds") to recover, inter alia, alleged unpaid contributions owed to the Benefit Funds by the LaSalas' bankrupt companies Town Masonry Corp. ("Town Masonry") and Newtown Corp. ("Newtown"). As a threshold matter, it is unclear as to precisely what claims for relief are being sought by the Benefit Funds due to the rambling nature of the Amended Complaint and the lack of clearly delineated causes of action therein. From what the Town Defendants can best surmise, the Amended Complaint asserts claims against the LaSalas for breach of fiduciary duty pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and for conversion, and against Town Holding for promissory estoppel. However, it is clear to the Town Defendants that the Benefit Funds are simply attempting to circumvent the Bankruptcy Code's automatic stay in order to recover from the Town Defendants the contributions allegedly due and owing to the Benefit Funds by Town and Newtown. Additionally, to the extent the Amended Complaint seeks to hold the LaSalas liable for conversion, those State law claims are preempted by ERISA. The Town Defendants, whose corporations have supported the Benefit Funds with contributions for 20 years, do not wish to harm the Benefit Funds, but believe that this action could be considered sanctionable pursuant to Rule 11 of the FRCP because it is difficult to fathom what purpose the Amended Complaint serves other than to improperly circumvent the jurisdiction of the bankruptcy court.

## I. Background Facts

Town Masonry and Newtown are two (2) of the largest unionized brick mason contractors in New York City who are members of the Associated Brick Mason Contractors of Greater New York, Inc., and who routinely handle major projects including the construction of the Time Warner Center and 2 World Trade Center. Town Masonry and Newtown fell behind in their contribution payments to the Benefit Funds because of adverse conditions in the unionized construction industry in New York City and because of the extremely slow payments being made by construction managers and owners relating to the economic crisis and its deleterious affect upon the New York City construction industry. In order to alleviate many of these problems, Town Masonry and Newtown worked with the Benefit Funds to arrange for joint checks and

contribution payment checks to be paid directly by the general contractors and construction managers. Additionally, in or around March 2011,Town Masonry and Newtown entered into a Payment Agreement with the Benefit Funds, and in or around July 2011, entered into an Amended Payout Agreement whereby Town Masonry and Newtown agreed to pay the sum of $1,800,000 to the Benefit Funds over a ten (10) month period for contributions owed for the period of July 2009 through March 2011 (the same period of time that is the subject of the Amended Complaint). In connection with the Amended Payout Agreement, Town Masonry and Newtown executed a Corporate Confession of Judgment in the amount of $1,800,000 to be filed by the Benefit Funds in the event Town Masonry and Newtown failed to make the payments set forth in the Amended Payment Agreement.

In order to alleviate the severe financial problems experienced by Town Masonry and Newtown, including the delinquency problems with the Benefit Funds, the LaSalas began to explore a potential real estate transaction with a private equity investor. In or around December 2011, Town Holding entered into a confidential letter of intent ("LOI") with an investment company to develop a piece of property owned by Town Holding. In connection with the transaction contemplated by the LOI, by letter dated December 14, 2011, the LaSalas and Town Holding informed the Benefit Funds that upon the closing of the real estate development transaction, Town Holding would lend and/or infuse into Town Masonry and Newtown $1,000,000 to be used to pay the delinquent contributions to the Benefit Funds. The December 14, 2011 letter further informed the Benefit Funds that the LaSalas did not personally guaranty any payments to the Benefit Funds. To date, the real estate transaction has not closed, and accordingly, no monies have been lent and/or infused into Town Masonry and Newtown by Town Holding.

Ultimately, Town Masonry and Newtown were unable to make the payments set forth in the Amended Payment Agreement and were saddled with additional debts unrelated to the Benefit Funds, causing them to file for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code (In Re Town Masonry Corp., S.D.N.Y. Bankruptcy Court Case No.: 12-22304). It is apparent that the Benefit Funds have improperly filed the instant lawsuit due to the fact that they may not ultimately realize a full recovery of the amounts owed to them if the Benefit Funds had pursued this matter in the appropriate forum, i.e. in bankruptcy court.

## II.     The Pension Fund Intends to Move to Dismiss the Amended Complaint

a.     The LaSalas are Not Personally Liable for the Debts of Town and Newtown: It is well settled that a corporation is a legal entity that is separate and distinct from its shareholders, officers, and members, thus the corporation's assets, obligations and debts are also separate from the shareholders' assets, obligations and debts. Morris v. New York State Dept. of Taxation & Fin., 82 N.Y.2d 135, 140, 623 N.E.2d 1157 (1993). Moreover, a corporation's existence as a separate and distinct entity provides general immunity to its shareholders, officers and members from being held personally liable to the corporation's creditors. Courts have similarly held that an individual is not liable for corporate ERISA obligations solely by virtue of his role as an officer or shareholder. Sasso v. Cervoni, 985 F.2d 49, 50 (2d Cir. 1993). This "corporate veil" shields shareholders' personal assets from corporate creditors. The corporate veil may be disregarded where the challenger can prove: (1) complete domination of the corporation by the shareholder; and (2) use of that domination to commit a fraud or wrong against the plaintiff. Morris, at 135. A plaintiff must also provide the Court with a substantial justification for disregarding the corporation's separate existence and piercing the corporate veil. A/S Domino Mobler v. Braverman, 669 F. Supp. 592, 593 (S.D.N.Y. 1987).

Town Masonry and Newtown are legal entities separate and distinct from their officers and

2

shareholders. Town Masonry and Newtown's bank accounts are independent from the LaSalas' personal bank accounts, the LaSalas' have not commingled personal funds with company funds, the LaSalas have not used company funds for personal expenses, and Town Masonry and Newtown have always observed the corporate formalities. Accordingly, the Benefit Funds cannot establish any justification to disregard the corporate form and hold the LaSalas liable for Town Masonry and Newtown's debts.

Notwithstanding the foregoing, the Benefit Funds allege that the LaSalas should be held personally liable for the delinquent contributions because they have breached their fiduciary duties to the Benefit Funds. These allegations fly in the face of well established law that "in the absence of provisions to the contrary in the relevant plan documents, unpaid contributions are not assets of the plan," and therefore, a corporate shareholder's failure to make the required contributions would not constitute a breach of a fiduciary duty and the corporate shareholder could not be held personally liable for any loss resulting from his or her conduct. Halpin v. Halpin, 566 F.3d 286 (2d. Cir. 2009). "Courts consistently hold that a company's unpaid debt to an ERISA fund is an 'asset' of that fund when the applicable agreement declares such debts to be fund assets." NYSA-ILA Medical & Clinical Services Fund, et al v. Catucci, et al., 60 F.Supp.2d 194 (S.D.N.Y. 1999); See also, United States v. Lasky, 967 F.Supp. 749, 754 (E.D.N.Y. 1997). Here, the trust agreements define the assets of the Benefit Funds as "all employer contributions, monies or other things of value which come into the hands of the Trustees and comprise the corpus and additions to the [Benefit Funds]". Accordingly, the LaSalas owe no fiduciary obligation to the Benefit Funds with respect to the subject unpaid contrinutions because monies that are due and owing to the Benefit Funds that have not yet been paid are not "assets" of the Benefit Funds.

    b.    <u>The Benefit Funds' Recourse is to File the Confession of Judgment</u>: As aforementioned, pursuant to the Amended Payout Agreement, Town Masonry and Newtown executed a Corporate Confession of Judgment in the amount of $1,800,000 for contributions owed for the period of July 2009 through March 2011 (the period of time that is the subject of the Amended Complaint). As contemplated in the Amended Payment Agreement, the Benefit Funds' sole recourse for non-payment is to file the Confession of Judgment, which they have not done.

    c.    <u>The Condition Precedent to Town Holding's Payment to the Benefit Funds has Not Materialized</u>: The Benefit Funds allege that they are entitled to damages pursuant to the doctrine of promissory estoppel based upon Town Holding lending and/or infusing monies into Town Masonry and Newtown to be used to pay the delinquent contributions to the Benefit Funds upon the closing of the real estate transaction. However, the closing of the real estate transaction was an unequivocal condition precedent which must have occurred before any arguable contractual duty on the part of the Town Defendants arose. The real estate transaction has never closed and therefore no duty on the part of the Town Defendants has arisen as a result therefrom.

## III.   Conclusion

Based upon the foregoing, the Town Defendants respectfully request that the Court schedule a pre-motion conference in advance of the Town Defendants' motion to dismiss the Amended Complaint.

Respectfully submitted,

*/s/ M*

Milo Silberstein

cc:     James Wasserman, Esq.