UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
BRICKLAYERS INSURANCE AND
WELFARE FUND, BRICKLAYERS
PENSION FUND, BRICKLAYERS
SUPPLEMENTAL ANNUITY FUND,
BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL
PENSION FUND, NEW YORK CITY
AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING
FUND, INTERNATIONAL MASONRY
INSTITUTE, and JEREMIAH
SULLIVAN, JR., in his fiduciary
capacity as Administrator,
BRICKLAYERS LOCAL 1,
INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFT
WORKERS,

                Plaintiffs,

  -against-                        **MEMORANDUM AND ORDER**
                                                      12-CV-2314 (FB) (RLM)
KENNETH LASALA, MARK
LASALA, KENNETH LASALA, JR.,
LIBERTY MUTUAL INSURANCE
COMPANY and PLAZA
CONSTRUCTION COMPANY,

                Defendants.
--------------------------------------------------x

**BLOCK, Senior District Judge:**

      The plaintiffs seek enforcement of a judgment entered in this case by Judge

Gleeson in 2015. In October 2018, Judge Mauskopf, as the assigned miscellaneous

1

judge, entered a temporary restraining order ("TRO") enjoining the defendants and three non-parties from transferring certain assets, and referred the balance of the matter to the assigned magistrate judge. Magistrate Judge Mann, in turn, issued a report and recommendation ("R&R) recommending that (1) pending final resolution of the plaintiffs' enforcement efforts, the defendants be ordered to deposit into the Court's registry funds sufficient to satisfy the judgment, plus interest and attorney's fees, and (2) pending such deposit, the defendants and non-parties Claudia LaSala (the wife of defendant Mark LaSala), Juliane LaSala (the wife of defendant Kenneth LaSala, Jr.) and MH Partners, LLC, be preliminarily enjoined, on pain of contempt, from transferring the assets subject to the TRO. The defendants and two of the non-parties timely objected to the R&R, triggering the Court's de novo review.

1. The defendants' objection informs the Court of their unsuccessful attempt to negotiate a payment plan with the plaintiffs. They ask the Court not to require them to deposit funds to satisfy the judgment "as [they] believe the parties should be able to come to some agreement regarding the satisfaction of Plaintiffs' judgment." Letter from Laurence J. Lebowitz (Nov. 21, 2018) 2. The Court always encourages parties to work towards an amicable resolution of their dispute. However, the R&R details the defendants' extensive efforts to place their assets beyond the plaintiffs' reach. Magistrate Judge Mann correctly concluded that this conduct necessitated securing the assets while the Court determines whether the

2

plaintiffs are entitled to them. Nothing, of course, prevents the defendants from continuing to negotiate towards a mutually agreeable alternative.

2. Claudia LaSala and Juliane LaSala raise three procedural objections. First, they argue that the R&R improperly relied on excerpts of deposition transcripts that did not reflect that the deponents had an opportunity to review the transcripts. *See* Fed. R. Civ. P. 30(e)(1). The Court agrees with Magistrate Judge Mann that this objection is immaterial. The plaintiffs' claim that they have a superior interest in the assets at issue required them to show that they have a money judgment against the defendants, that the defendants have not satisfied the judgment, and that the defendants transferred the assets without fair consideration. *See Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 188 (2d Cir. 2006). The first and second elements are undisputed; the third was established by bank records and the defendants' own concession that there was no evidence that any transfers were supported by consideration. Thus, Magistrate Judge Mann sensibly reasoned that "suppression of the deposition excerpts would in no way alter [her] recommendation." R&R 9.

3. Second, Claudia and Juliane object that the plaintiffs did not commence a plenary action against them. The Second Circuit has squarely held that a party seeking a turnover of a judgment debtor's assets from a third party under N.Y.C.P.L.R. § 5225(b) may proceed by motion instead of instituting a separate proceeding "as long as the court has personal jurisdiction over the garnishee." *CSX*

*Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469 (2d Cir. 2018). Claudia and Juliane do not dispute this Court's jurisdiction over them. Nor do they provide any authority supporting their claim that proceeding by motion is allowed only when the transferee is the judgment debtor's successor-in-interest.

4. Third, Claudia and Juliane object to Magistrate Judge Mann's conclusion that her recommendations do not effectively grant "the ultimate relief" sought by the plaintiffs. Her conclusion was entirely correct. The plaintiffs are seeking an order setting aside certain asset transfers and directing that the assets be turned over to them in satisfaction of the judgment. The R&R, by contrast, recommends only that the assets in question be frozen (or, alternatively, that funds sufficient to satisfy the judgment be deposited with the Court) pending adjudication of plaintiffs' claim to the assets.

For the foregoing reasons, all objections to the R&R are overruled and the Court adopts the R&R in its entirety. Therefore, as set forth in the R&R, the defendants are directed to deposit into the registry of the Court "funds sufficient to satisfy the amount of the judgment, plus interest, together with a reasonable estimate of plaintiffs' attorneys' fees." R&R 10-11. Until such a deposit is made, Kenneth LaSala, Mark LaSala, Kenneth LaSala, Jr., Claudia LaSala, Juliane LaSala, MH Partners, LLC—and anyone in active concert or participation with them who receives actual notice of this memorandum and order by personal service or

4

otherwise—is hereby enjoined and restrained, on pain of contempt, from transferring, encumbering or dissipating any funds or assets described in the schedule to the TRO or the conclusion of the R&R, whether such funds or assets are held at the financial institutions described in those documents or transferred, directly or indirectly, to other accounts.

SO ORDERED.

_/S/ Frederic　Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 15, 2019