UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
BRICKLAYERS INSURANCE AND
WELFARE FUND, BRICKLAYERS
PENSION FUND, BRICKLAYERS
SUPPLEMENTAL ANNUITY FUND,
BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL
PENSION FUND, NEW YORK CITY
AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING
FUND, INTERNATIONAL MASONRY
INSTITUTE, and JEREMIAH
SULLIVAN, JR., in his fiduciary
capacity as Administrator,
BRICKLAYERS LOCAL 1,
INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFT
WORKERS,

              Plaintiffs,

    -against-                        **ORDER**
                                        12-CV-2314 (FB) (RLM)
KENNETH LASALA, MARK
LASALA, KENNETH LASALA, JR.,
LIBERTY MUTUAL INSURANCE
COMPANY and PLAZA
CONSTRUCTION COMPANY,

              Defendants.
-----------------------------------------------x

**BLOCK, Senior District Judge:**

    Plaintiffs obtained a judgment against Kenneth LaSala, Mark LaSala, and

1

Kenneth LaSala, Jr., in 2015.[1]   They have spent the last six years trying to enforce it.

Most of Plaintiffs' collection efforts have centered on MH Partners, LLC ("MHP"), which holds a 50% ownership share in an apartment building in New Jersey.   The building makes semiannual cash distributions to MHP, which in turn disburses them to its members.   Kenneth, Sr., owns 9% of MHP and Mark owns 25%, for a total of 34%.

On March 6, 2018, the Court ordered MHP to pay to Plaintiffs all current and future distributions owed to Defendants.   It further ordered Defendants not to "make or cause to be made any sale, transfer or other disposition of the [distributions]." After almost a year of noncompliance, the Court ordered Defendants to deposit, on pain of contempt, $800,000 into the Court's registry.   It later found Defendants in contempt, but vacated that finding once they paid $645,000 into the Court's registry in March 2019.

Plaintiffs' success was less than complete, however, because the United States asserted tax liens on the distributions.   After several months of negotiations, the parties agreed that Plaintiffs and the government would split the deposit.

As a result, approximately $316,000 of Plaintiffs' judgment remains

---

[1]As Plaintiffs agree that Kenneth, Jr., has satisfied his liability, this Order focuses on the liability of Kenneth, Sr., and Mark, whom the Court will refer to collectively as "Defendants."

unsatisfied.   In addition, Plaintiffs are entitled to post-judgment interest, which continues to accrue, and attorney's fees.

To secure that amount, Plaintiffs initially sought an order directing MHP to assign 34% of its interest in the New Jersey apartment building to them.   The United States again objected that an assignment would impair its priority tax liens.   The parties negotiated another agreement under which the United States would receive two-thirds and Plaintiffs would receive one-third of any recovery.   Plaintiffs and the United States now jointly move for an order directing that distributions be deposited into the Court registry.   Plaintiffs further ask that the Court hold MHP in contempt for thus far failing to do so.

In response, Defendants object that they "need the distributions from MHP to pay for their daily living expenses."   Letter from Laurence J. Lebowitz (Jan. 4, 2021) 2.   While New York law makes some allowances for the "reasonable requirements of the judgment debtor and his dependents," including for personal property and wage income, the distributions to MHP do not qualify for any exemption.   *See* N.Y. C.P.L.R. § 5205.

Defendants further object that an assignment of their interests in MHP would leave them facing "the same conundrum as before, to wit: whose lien/judgment has priority and who should the LaSala Defendants be paying?"   Letter from Laurance J. Lebowitz (Jan. 4, 2021) 1.   Payment into the Court registry assuages that concern.

3

However, the Court appreciates Defendants' uncertainty as to the total amount of their liabilities to Plaintiffs and the United States.

According to bank records, MHP received $1,216,846.00 in distributions between the Court's March 6, 2018 order and January of 2021; Defendants were entitled to 34% of that amount—$413,727.64.   However, two distributions (July 2018 and January 2019) occurred prior to Defendants' $645,000 deposit into the Court registry in March 2019.   The Court can only assume that Defendants' share of those distributions was part of the deposit.

Thirty-four percent of the remaining distributions comes to $282,289.42.   In addition, there was presumably a distribution in an unknown amount to MHP in July of 2021.   Since Plaintiffs will receive only one-third of those amounts, they are unlikely to completely satisfy the remaining principal amount of the judgment and interest.

Therefore, the Court orders as follows:

1. By October 22, 2021, Defendants shall, on pain of contempt, deposit $282,289.42 in the Court registry.

2. By October 22, 2021, Defendants and MHP shall make available to Plaintiffs any information in their possession regarding any distribution from the New Jersey apartment building to MHP in July of 2021.

3. By October 22, 2021, MHP shall show cause why it should not be held in

contempt for noncompliance with the Court's order of March 6, 2018, directing it to pay distributions to Plaintiffs.

4. By October 22, 2021, Plaintiffs and the United States shall inform the Court of the remaining amounts needed to satisfy their respective liens. In addition, the United States shall inform the Court whether the tax liens, or any portion of them, are disputed by either Defendant.

5. MHP shall, on pain of contempt, deposit 34% of any future distributions received into the Court registry within three days of receipt.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 30, 2021

5